VINAL v. CONTINENTAL CONST. & IMP. Co. *et al.*

(*Circuit Court, N. D. New York.* August 6, 1888.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

Plaintiff, a citizen of Massachusetts, filed his complaint in a state court of New York against three corporations, citizens of New York, Connecticut, and Massachusetts, respectively. to obtain the restoration of certain stock and other property originally conveyed by plaintiff's intestate to the Connecticut company, under a mutual mistake of fact, and which, as alleged, is now in the possession of the Massachusetts company, which received it with full knowledge of plaintiff's equities. *Held,* that both the Massachusetts and Connecticut companies are necessary parties, and there is no separate controversy with the latter so as to entitle it to remove the cause to this court.

On Motion to Remand.

*Matthew Hale,* for plaintiff.

*Adrian H. Joline,* for defendants.

COXE, J. The plaintiff, a citizen of Massachusetts, commenced this action in the supreme court of the state of New York against three corporations, citizens of Connecticut, New York, and Massachusetts, respectively The defendant the Continental Construction & Improvement Company, the Connecticut corporation, removed the cause to this court, insisting that there is a separate controversy between it and the plaintiff. The plaintiff now moves to remand. Is there a separate controversy? In answering this question the rights of the parties must be ascertained and measured by an analysis of the bill of complaint. Nothing else is properly before the court. If the complaint states a cause of action at all it is for the restoration of certain stock and other property originally conveyed by Gen. Burt, the plaintiff's intestate, to the construction company under a mutual mistake of fact. It is alleged that this property is now in the possession of the Fitchburg Railroad Company, the Massachusetts defendant, and was received by it with full knowledge of the plaintiff's equities. In other words, the plaintiff seeks to be placed in the position occupied by Gen. Burt before he commenced negotiations with the construction company. The plaintiff might, it is true, have asked for an accounting and damages against the construction company alone; but he has not done so. He is not required to select a form of action suggested by the defendant, or even the form, apparently, most advantageous to himself. He is at liberty to bring his suit in any form he may deem advisable. It is not the action which might have been, or which should have been, commenced, but the action which actually was commenced, and is pending, which must determine the question of federal jurisdiction. Here the plaintiff has seen fit to pursue specific property upon the hypothesis that it still belongs to him as the representative of Gen. Burt. This is the theory of his suit. Whether wise or unwise, he must stand or fall upon his complaint as now constructed. He may have mistaken his remedy; he may be pursuing an *ignis fatuus;* he may be wholly unable to prove his allegations. But these are ques-

v.35F.no.10—43

tions with which the court, upon a motion of this character, has nothing to do. It must judge the complaint as it finds it. The cause of action there stated cannot be separated. The plaintiff cannot recover the property of the construction company, for the legal title is in the railroad company. He cannot recover of the railroad company until he has established, as against the construction company, his right to equitable relief. He cannot maintain the action in this form against either defendant alone; both are indispensable parties. Assume, by way of illustration, that the construction company makes default, no final decree can be entered against it. The railroad company may still defend the action. Should the railroad company default, the action may still be carried on by the construction company. It seems too plain for debate that the plaintiff cannot recover the property he seeks without making the holder of the legal title a party to his action. On the ground, therefore, that there is no separate controversy between the plaintiff and the removing defendant, the motion to remand must be granted.